# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JEREMY ANTWUN SMITH, | ) |
| Petitioner, | ) |
| v. | ) CV418-081 |
| SEAN EMMONS, Warden, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

In June 2012, Jeremy Smith pled guilty to malice murder, felony murder, and criminal attempt to commit armed robbery and was sentenced to life with parole. Doc. 1 at 1; *see State v. Smith*, CR120304 (Chatham County Super. Ct.). Shortly after sentencing, he began filing motions to unwind his sentence, including motions to withdraw his guilty plea, undermine the trial court's jurisdiction, and (in 2017) to "void judgment" based on alleged defects in his indictment. *Id.* All were denied. Smith did not appeal, but he did seek habeas relief from the state courts. *Smith v. Danforth*, 14-CV-018 (Telfair County Super. Ct.). His petition was denied on the merits on June 30, 2015, and his application for a certificate of probable cause to appeal was denied by the Georgia Supreme Court on March 20, 2017. *Smith v. Danforth*,

S15H1810 (Ga.). He now petitions this Court for 28 U.S.C. § 2254 relief, contending that his petition is timely. Doc. 1 at 6 (apparently listing his most recent motion in the trial court, his September 2017 motion to "void judgment" based on a faulty indictment, as the operative date for calculating the timeliness of his federal petition). It is not.

Smith had to file for § 2254 relief within one year after the date his conviction became final. 28 U.S.C. § 2244(d)(1).[1] That clock is stopped only by the pendency of a properly filed state direct appeal or collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play.").

Sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1. And once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new

---

[1] That section provides for other events which trigger the one-year limitations period, but none apply here. *See* 28 U.S.C. § 2244(d)(2)-(4).

state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at * 1 n. 3 (S.D. Ga. Feb. 8, 2013).

Smith's conviction became "final" either at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); *Coates v. Byrd*, 211 F.3d 1225, 1226 (11th Cir. 2000). Judgment was entered in the Chatham County Superior Court on June 6, 2012, and Smith did not file a direct appeal. Doc. 1 at 1. Thus, his conviction became final on or about July 6, 2012. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]"). Smith thus had one year from the date his conviction became final -- until July 6, 2013 -- to file a timely federal habeas petition or toll the limitations period by seeking state collateral relief. 28 U.S.C. § 2244(d)(1)-(2); *Rich*, 512 F. App'x at 982-83. His state habeas petition was not filed until February 4, 2014 (doc. 1 at 3), more than six months too late. It thus had no tolling effect, since no time remained on his

§ 2254 clock. *Webster*, 199 F.3d at 1259.

Despite that, his untimely petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (citing *Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Section 2244 is a statute of limitations, not a jurisdictional bar."). "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Aureoles*, 609 F. App'x at 624; *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Smith, however, presents nothing to indicate an extraordinary circumstance stood in the way of timely filing. There is no indication he has diligently pursued his rights or that some "extraordinary circumstance" prevented him from timely filing a petition in this Court.[2] *See Holland*, 560 U.S. at 649; *Aureoles*, 609 Fed. App'x at 624.

---

[2] To the extent that Smith believes his 2014 state habeas petition somehow reopened or reset the clock on the one year statute of limitations to file his federal habeas petition, he is incorrect. "Read naturally, [§2254's] text means that the statute of limitations is tolled only while state courts review the application." *Lawrence v. Fla.*, 549 U.S. 327, 327 (2007). A state petition filed after the *federal*

4

Accordingly, Jeremy Antwun Smith's § 2254 petition is untimely and should be **DENIED**.

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court

---

statute of limitations has expired does not toll the federal deadline. *Scarlett v. Sec'y, Dep't of Corr.*, 404 F. App'x 394, 300 (11th Cir. 2010); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

Nor does his 2017 motion to "void judgment," filed more than five years after sentencing and six months after the Georgia Supreme Court denied his certificate for probable cause to appeal, affect the timeliness of his petition. He ran out of time back in 2013, and his later motions cannot roll back the clock.

and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __3rd__ day of May, 2018.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA