FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2018 MAY 29 PM 4:53
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JEREMY ANTWUN SMITH, )
)
Petitioner, )
)
v. )  CASE NO. CV418-081
)
WARDEN SEAN EMMONS, )
)
Respondent. )
_____)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 8), to which objections have been filed (Doc. 9). After a careful de novo review of the record, the Court concludes that Petitioner's objections are without merit. Accordingly, the Report and Recommendation is **ADOPTED** as the Court's opinion in this case. As a result, Petitioner's 28 U.S.C. § 2254 petition (Doc. 1) is **DENIED**. In addition, Petitioner is not entitled to a Certificate of Appealability ("COA"), rendering moot any request for in forma pauperis status on appeal.[1] The Clerk of Court is **DIRECTED** to close this case.

_____

[1] According to the docket, the Magistrate Judge did not rule on Petitioner's Motion for Leave to Proceed In Forma Pauperis. (Doc. 2.) The Court has reviewed that motion and determined that it should be **GRANTED**. However, Petitioner is not entitled to leave to proceed in forma pauperis on appeal.

In his objections, Petitioner argues that his § 2254 petition is timely because it was filed within 1 year of him exhausting his state habeas proceedings. (Doc. 9 at 2.) The error in Petitioner's reasoning, however, is that his one-year deadline was not tolled during the time Petitioner was able to file a state habeas petition. As a result, Petitioner's state habeas petition *was timely because it was filed within four years*, but his time to file a federal habeas petition expired because he failed to toll the one-year clock by filing the state petition within one year of his conviction becoming final. See McCloud v. Hooks, 560 F.3d 1223, 1227 (11th Cir. 2009) ("While a [state habeas] petition is a tolling motion under § 2244(d)(2), it cannot toll the one-year limitations period if that period has *expired prior to filing the [] petition*." (citing Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000))); Bridges v. Johnson, 284 F.3d 1201, 1202 n.1 (11th Cir. 2002) (finding federal petition untimely where timely state habeas petition filed more than one year after conviction became final). In addition, this Court is unable to find that Petitioner is entitled to the extraordinary remedy of equitable tolling in this case. There is little evidence in *the record to indicate that* Petitioner both diligently pursued his rights and was prevented from filing a timely

petition by some extraordinary circumstance. <u>See</u> <u>Holland v.</u>

<u>Florida</u>, 560 U.S. 631, 649 (2010).

SO ORDERED this **29ᵗʰ** day of May 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA